IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JOEY CARGILL, II,<br>　　　Plaintiff, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br><br>Jury Trial Demanded |
| PROCOLLECT, INC.,<br>　　　Defendant. | | |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1.　　This is an action for damages brought by Plaintiff, Joey Cargill, II ("Plaintiff"), an individual, for Defendant, ProCollect, Inc.'s ("Defendant") violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, the Texas Debt Collection Act ("TDCA"), TEX. BUS. & COM. CODE §§ 17.01, *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.　　Plaintiff seeks to recover monetary damages for Defendant's violations of the FDCPA, TDCA, and TCPA and to have an order or injunction issued by this Court preventing Defendant from persisting in its violative behaviors.

3.　　Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. § 1132(e)(2).

### JURISDICTION AND VENUE

4.　　Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1367(a), and 47 U.S.C. § 227(b)(3).

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

6. Plaintiff, Joey Cargill, II, is a natural person residing in the State of Texas, County of Lubbock, and City of Lubbock.

7. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the TEX. BUS. & COM. CODE § 17.45(4) and TEX. FIN. CODE § 392.001(1).

8. Defendant, ProCollect, Inc., is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as defined by TEX. FIN. CODE § 392.001(2).

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and a "third-party debt collector" as defined by TEX. FIN. CODE § 392.001(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely rent from an apartment lease (the "Debt").

12. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14.     In Plaintiff's residential lease with original creditor, Foxfire Apartments, Plaintiff provided an old telephone number and did not provide his current cellular telephone number.

15.     Prior to August 2012, in connection with the collection of the Debt, Defendant began placing calls to the residence of Plaintiff's parents.

16.     Plaintiff's father, Mr. Joey Cargill, informed Plaintiff of Defendant's calls.

17.     On August 29, 2012, Plaintiff called Defendant, and at such time, spoke with Defendant's agent and/or employee.

18.     During the August 29, 2012 conversation, Defendant's agent and/or employee read the number on the caller ID and asked Plaintiff if this was a number Defendant should contact Plaintiff at.

19.     In response, Plaintiff said yes, but did not give his express consent to be called using an automated dialer.

20.     During the August 29, 2012 conversation, Defendant's agent and/or employee stated that Plaintiff owed "$437" for past due rent, and demanded that Plaintiff pay in full.

21.     During the August 29, 2012 conversation, Plaintiff disputed the alleged debt and requested written itemization.

22.     During the August 29, 2012 conversation, Defendant's agent and/or employee told Plaintiff that he would need to send a request for itemization in writing.

23.     During the August 29, 2012 conversation, Defendant's agent and/or employee stated that Plaintiff had to pay the alleged debt in full by August 31, 2012.

24. The August 29, 2012 conversation was Plaintiff's initial communication with Defendant.

25. During the August 29, 2012 conversation, Defendant falsely represented the character of the alleged debt by stating that Plaintiff had to pay in full by August 31, 2012.

26. In connection with the collection of the Debt, Defendant's agent and/or employee "David West" ("Mr. West"), placed a call to Plaintiff's cellular telephone on September 4, 2012 around 12:00 P.M., and at such time, spoke with Plaintiff.

27. During the September 4, 2012 conversation, Plaintiff told "Mr. West" that Plaintiff still has not received any written communication from Defendant.

28. During the September 4, 2012 conversation, Plaintiff corrected his zip code on Defendant's file.

29. During the September 4, 2012 conversation, Plaintiff demanded that Defendant cease and desist from placing telephone calls to Plaintiff before 5:00 P.M., as it was inconvenient for Plaintiff since he is at work before 5:00 P.M.

30. During the September 4, 2012 conversation, "Mr. West" stated that Plaintiff had until September 5, 2012 at 5:30 P.M. to pay the alleged debt in full.

31. During the September 4, 2012 conversation, Defendant falsely represented the character of the alleged debt by stating that Plaintiff had to pay in full by September 5, 2012.

32. In connection with the collection of the Debt, Defendant placed a call to Plaintiff's cellular telephone on September 4, 2012 around 2:00 P.M., and at such time, Plaintiff answered and listened to a pre-recorded message.

33. In connection with the collection of the Debt, Plaintiff received Defendant's written communication dated August 30, 2012 on September 4, 2012, after Plaintiff spoke with

"Mr. West," and in such communication, Defendant failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692g *et seq*. (See August 30, 2012 correspondence, attached as Exhibit A).

34. As such, Defendant failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692g *et seq*., in its initial communication with Plaintiff or in writing within 5 days thereof.

35. In the alternative, if Defendant did provide Plaintiff with the notices required by 15 U.S.C. § 1692g *et seq*., in its initial communication with Plaintiff, then Defendant overshadowed the disclosures, by demanding immediate payment within the thirty-day dispute period.

36. In connection with the collection of the Debt, Defendant sent Plaintiff written communication dated September 4, 2012, which was identical to its August 30, 2012 written communication, and did not provide Plaintiff with the notices required by 15 U.S.C. § 1692g *et seq*. (See September 4, 2012 correspondence, attached as Exhibit B).

37. Despite Plaintiff's demand that Defendant cease and desist from placing calls to Plaintiff's cellular telephone before 5:00 P.M., Defendant by and through its agent and/or employee "Mr. West," placed a call to Plaintiff's cellular telephone on September 7, 2012 at 9:01 A.M., and at such time left a voicemail message.

38. Plaintiff faxed Defendant written communication dated September 20, 2012, and in such communication, disputed the alleged debt, requested validation, and demand that Defendant cease and desist communication until it validated the debt. (See September 20, 2012 correspondence, attached hereto as Exhibit C).

39. Defendant received Plaintiff's written communication on September 20, 2012 at 4:36 P.M. (See Transmission Verification Report, attached hereto as Exhibit D).

40. Despite Plaintiff's dispute, request for validation and cease and desist demand, Defendant placed calls to Plaintiff's cellular telephone, including, but not limited to: October 3, 2012, October 7, 2012, and October 8, 2012, October 10, 2012, October 14, 2012, and October 24, 2012.

41. During at least one of the above-referenced calls, Defendant delivered a voicemail message to Plaintiff using an artificial or pre-recorded voice.

42. Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

43. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

44. Each and every telephone call Defendant placed to Plaintiff was in connection with the collection of a debt.

45. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

46. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above voluntarily.

47. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above under its own free will.

48. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place the telephone calls identified above.

49. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place the telephone calls identified above.

50. Upon information and good-faith belief, Defendant had knowledge that it was leaving voicemail messages using an artificial or prerecorded voice in the telephone calls identified above.

51. Upon information and good-faith belief, Defendant intended to leave voicemail messages using an artificial or prerecorded voice in the telephone calls identified above.

52. Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

53. Plaintiff has not received validation of the debt from Defendant.

54. Therefore, Defendant continued to contact Plaintiff without having first provided verification of the debt, after having received a written communication from Plaintiff disputing the debt.

55. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(1)

56. Plaintiff repeats and re-alleges each and every factual allegation contained above.

57. Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff.

Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692c(c)

58. Plaintiff repeats and re-alleges each and every factual allegation contained above.

59. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the alleged debt.

Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

60. Plaintiff repeats and re-alleges each and every factual allegation contained above.

61. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(10)

62. Plaintiff repeats and re-alleges each and every factual allegation contained above.

63. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692g(a)

64. Plaintiff repeats and re-alleges each and every factual allegation contained above.

65. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g *et seq.*, either in the initial communication with Plaintiff, or in writing within 5 days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692g(b)

66. Plaintiff repeats and re-alleges each and every factual allegation contained above.

67. In the alternative, Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq.*, during the thirty-day dispute period.

68. Defendant violated 15 U.S.C. § 1692g(b) by continuing to contact Plaintiff without having first provided verification of the debt, after having received a written communication from Plaintiff disputing the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT VII
### VIOLATION OF TEX. FIN. CODE § 392.304(A)(8)

69. Plaintiff repeats and re-alleges each and every factual allegation contained above.

70. Defendant violated TEX. FIN. CODE § 392.304(A)(8) by misrepresenting the character, extent, or amount of a consumer debt..

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated TEX. FIN. CODE § 392.304(A)(8);

    b) Awarding Plaintiff injunctive relief pursuant to the TDCA;

    c) Awarding Plaintiff actual damages pursuant to the TDCA;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT VIII
### VIOLATION OF TEX. FIN. CODE § 392.304(A)(19)

71. Plaintiff repeats and re-alleges each and every factual allegation contained above.

72. Defendant violated TEX. FIN. CODE § 392.304(A)(19) by using false representations or deceptive means to collect a debt or obtain information concerning a consumer.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated TEX. FIN. CODE § 392.304(A)(19);

b) Awarding Plaintiff injunctive relief pursuant to the TDCA;

c) Awarding Plaintiff actual damages pursuant to the TDCA;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT X
## VIOLATION OF TCPA

73. Plaintiff repeats and re-alleges each and every factual allegation above.

74. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from continuing its violative behavior, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff actual damages, or statutory damages in the amount of $500.00 per violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3), in the amount of $1,500.00 per violation, or three times Plaintiff's actual damages, whichever is greater;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

75. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

/s/Martha Beard-Duncan
Martha Beard-Duncan
Texas Bar No. 24053094
WEISBERG & MEYERS, LLC
9330 LBJ Freeway, Suite 900
Dallas, TX 75243
Telephone:   (888) 595-9111
Facsimile:    (866) 565-1327


Attorney for Plaintiff
JOEY CARGILL, II